Memorandum. In this case, there is evidence from which the trial court could have inferred agreement with respect to Lots II and III. There were, of course, the various serious communications, arguably reading as if the parties had reached firm agreement on many things. Futuronics urged, especially on oral argument, that Kleinschmidt’s shipment, for "first unit testing”, of several units comprised in Lots II and *973 III was "Conduct * * * which recognizes the existence of a contract” (Uniform Commercial Code, § 2-207, subd [3]). The trial court, however, found that no agreement had been reached. It could have found otherwise. But that is not the point. The point is that the trial court, with all of the evidence before it, determined that no agreement had been reached, and in making that determination, the court made no error of law.
Under the Uniform Commercial Code, if the parties have intended to contract, and if an appropriate remedy may be fashioned, a contract for sale does not fail for indefiniteness if terms, even important terms, are left open (§ 2-204, subd [3]). It is no longer true that dispute over material terms inevitably prevents formation of a binding contract. What is true, and decisive in this case, is that when a dispute over material terms manifests a lack of intention to contract, no contract results.
The basic philosophy of the sales article of the Uniform Commercial Code is simple. Practical business people cannot be expected to govern their actions with reference to nice legal formalisms. Thus, when there is basic agreement, however manifested and whether or not the precise moment of agreement may be determined, failure to articulate that agreement in the precise language of a lawyer, with every difficulty and contingency considered and resolved, will not prevent formation of a contract (see Uniform Commercial Code, § 2-204). But, of equal importance, if there be no basic agreement, the code will not imply one. In this case, it was found as a fact by the trial court, a finding supportable by the evidence and affirmed by the Appellate Division, that there was no basic agreement.
Without agreement there can be no contract, and, of course, without a contract there can be no breach. This principle, basic as it is to contract law, finds explicit recognition in the Uniform Commercial Code (§ 1-201, subds [3], [11]; § 2-204, subds [1], [2]). The principle should be dispositive of this case.
The court cannot subscribe to the concurring opinion for two reasons. First, that opinion engages in an extensive unwarranted evaluation of the facts, beyond mere description, an evaluation wholly inappropriate in light of the affirmed findings and this court’s limited jurisdiction. Second, the opinion misconstrues the innovative liberalizing provision of the Uniform Commercial Code, which does not require agree *974 ment on all material terms as a prerequisite to formation of an enforceable commercial agreement (§ 2-204). There are other matters with which the court cannot agree, as for one example, the discussion of so-called "precatory conditions”.
Accordingly, the order of the Appellate Division should be affirmed, with costs.